UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GUANG XIONG LI,** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| **Plaintiff,** | ) | **CASE NO.: 4:24-cv-00088** |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **ROYAL BUFFET, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter came before the Court on Plaintiff's motion to compel regarding various discovery issues. Doc. 43. Plaintiff's motion is GRANTED.  Defendants' Motion for a 60- day extension, Doc. 27, and Motion for leave to resubmit discovery requests, Doc. 29, are DENIED as moot.

Plaintiff contends that he has encountered significant difficulties obtaining discovery from Defendants. On August 20, 2024, the Court held a hearing on various motions of the parties that indicated there were issues with discovery. At the hearing, Plaintiff's counsel explained the difficulties she had obtaining documents that resulted in meaningless depositions. At that time, the Court ordered Defendant to provide the requested documents and ordered Plaintiff to file the deposition transcripts. The Court conducted a follow up status hearing on September 5, 2024. Plaintiff filed the instant motion to compel summarizing the discovery deficiencies.

Specifically, Plaintiff asserts Defendant has failed to provide the following:

1. **Employee Time Records.** Requested on May 5, 2024, via Plaintiff's first discovery request to Wei Dong.

1

2.   **Current Employee Information.** Names, contact details, and wages, requested on May 21, 2024, via Plaintiff's first discovery request to Royal Buffet.

3.   **Employee Tax Information:** Additionally, on July 19, 2024, Plaintiff requested employees' I-9 forms, W-4 forms, and employment authorization cards from Royal Buffet.

4.   **PPP Loan Documentation**. Application and distribution details of PPP funds, requested on May 21, 2024, via Plaintiff's first discovery request to Royal Buffet

5.   **Information of Former Employees:** Former employees' contact information and their employment documents (e.g., I-9, W-4, and Employment Authorization cards), Royal Buffet's tax returns for 2022 and 2023, among others.

Upon review of the transcripts provided, it is clear that Defendant flat out refuses to produce this information, and Defense Counsel is incapable of locating the information without at least some client assistance. At Wei Dong's deposition, Plaintiff's counsel noted that she asked him to bring "information for each and every current employee at Royal Buffet including their address, phone number, e-mail, job position, paystubs for the past three months, W-2, employment authorization, I-9 form, W-4 form." Doc. 39, p. 7. Wei Dong testified that he did not have them "but I gave all this to my tax consultant." Doc. 39, p. 7-8. When asked why he did not simply ask his employees for this information, he answered "Why should I ask them? They have already given it to me one time . . . They gave it to me and I gave it to the accounting firm." Doc. 39, p. 9. Wei Dong could not or would not provide the names of his current employees.

At this point, Defense counsel, on the record, informed Plaintiff's counsel that she would need "to contact the accountant directly since he doesn't listen to us." Doc. 39, p. 9-10. Plaintiff correctly responded that "It's not my job", but that she had contacted him several times and was

ignored. Id.

When asked about the requested PPP documentation, Wei Dong simply stated "I haven't brought it." Doc. 39, p. 11. He stated that "maybe [the] accounting firm has it," but that he did not ask the accounting firm himself or make any other effort to obtain the requested documents. Doc. 39, p. 14.

When asked about the servers pay, Wei Dong testified that he did not know if they received a base wage, because his sister took care of it. Doc. 39, p. 47. He testified that he did not know the restaurant manager's name, could not remember the worker's general hours, did not remember his own wage, and refused to answer questions regarding fluctuation of the business during the relevant years.

Plaintiff also took the depositions of two waitresses. Wei Dong's failure to engage in discovery resulted in these depositions similarly being meaningless.

As a result of Defendant's failure to produce the necessary documents, Plaintiff had no choice but to conduct what resulted in three meaningless depositions, wasting both time and resources.

1.     **LAW AND ANALYSIS**

Fed. R. 37(b)(2)(A) permits a court to issues sanctions, including dismissal, when a party fails to cooperate in discovery.

At the August 20, 2024, Plaintiff set forth Defendant's failure to cooperate with the discovery process.  The Court gave Defendant an opportunity to explain the failure and clear instructions to provide the requested documentation. Defense counsel explained that the language barrier has impeded their ability to communicate with their clients to comply with the request. However, any issue regarding communication is without merit. The language barrier was a known

3

issue when defense counsel took this case. This case has been pending since January 16, 2024, and the discovery requests were made in May of 2024. Defendant cannot continue to rely on this excuse when it had months to obtain an interpreter. Indeed, it is clear that an interpreter was present at the depositions, but still Defendant refused to answer basic questions. The communication issue is merely an excuse for Defendant's blatant disregard of the discovery process.

Defense counsel further explained that they were struggling to get records from the accountant. However, there has been ample time to obtain this information, and there has been no valid explanation as to why Defendant could not call his accountant firm and ask for this information. Further, there is simply no excuse why Defendant himself could not provide simple information about his current employees.

The Court gave Defendant two weeks to comply. The parties appeared before the Court on September 5, 2024 to follow up on this matter. Upon discussion, it became clear that Defendant has failed to fully comply with the Court's August 20, 2024 Order. As a result, the Court Orders the following:

1. Defendant shall pay all fees and costs related to this discovery dispute. Plaintiff shall provide a bill of costs by September 18, 2024 for Court approval[1,] including but not limited to:

   a. Costs related to the August 20, 2024 depositions of Wei Dong, Jin Xiang Huang, and Zhao Min Ling, include costs for the court reporter and translator.
   b. Costs associated with Plaintiff's attempts to obtain the necessary documents directly from Defendant's accountant, including, but not limited to, cost associated with preparing and serving subpoenas.
   c. Costs associated with preparing and drafting discovery dispute letters, including any follow up discovery requests seeking the necessary information.

---

1 The Court is aware of Plaintiff's most recent filing, Doc. 70-1, which generally sets forth counsel's fees. However, the Court requires more detailed billing records (redacted as necessary) to confirm that such hours are attributable to the matter at hand.

2.     Defendant shall provide the following requested documentation by September 12, 2024. Failure to do so could lead to judgment against them. Plaintiff shall inform the Court by September 19, 2024 if Defendant fails to timely provide the documentation or it is otherwise deficient.

    **a. Employee time records**
    **b. Prior employee employment records, such as contact information, W-4, I-9, payroll, etc., especially for 2021.**
    **c. PPP loan distribution details and related documents.**
    **d. Royal Buffet's tax returns for 2022 and 2023.**

3.     Upon receipt of the requested documentation, if Plaintiff seeks to reopen Defendant's deposition, he may do so. These depositions will take place at the Akron Federal Courthouse.  Plaintiff shall contact the Court to schedule these depositions. These depositions will be at Defendant's cost.

4.     Discovery is now CLOSED, with the exceptions stated in this Order. The Court finds that any discovery issues not previously brought to the Court are waived.

5.     The matter is set for an in-person hearing on Thursday, September 19, 2024 at 2:30 PM at the Akron Courthouse.

Finally, the Court reiterates that if Defendant fails to comply with this Court's order to produce this documentation, they will be subject to further sanctions, including judgment against them.

Plaintiff's Motion to Compel is GRANTED.


**IT IS SO ORDERED.**

**September 12, 2024**                                  **/s/ John R. Adams**
**Date**                                               **John R. Adams**
                                                   **U.S. District Judge**