UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GUANG XIONG LI, | ) | CASE NO: 4:24-cv-00088 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| WEI DONG, et al., | ) | |
| | ) | **(Resolves Docs. 69, 70)** |
| Defendants. | ) | |

The parties' cross-motions for summary judgment are pending before the Court. Docs. 69, 70. Plaintiff Guang Xiong Li's motion is DENIED in its entirety. Doc. 69. Defendants Wei Dong and Youngstown Royal Buffet's motion is DENIED as to the alleged overtime violation portion of Count One, GRANTED as to the alleged minimum wage violation portion of Count One, and GRANTED as to Counts Two, Three, Four and Five. Doc. 70. Accordingly, Count Two, Three, Four and Five are DISMISSED. Count One, Plaintiff's alleged violation of the Fair Labor Standards Act (as to the overtime portion only), shall proceed.

**I.      FACTS**

The Court notes that the parties dispute most of the alleged facts in this case. Because this matter shall proceed to trial, the Court will set forth the minimal facts necessary to give context to this order. Only the material facts contained in the Court's legal analysis below should be deemed as findings of fact.

1

In 2014 Plaintiff and his then wife, Li Rong Dong, moved from New York to Boardman, Ohio, to work at Youngstown Royal Buffet ("Royal Buffet"). Doc. 19, p. 5. Li Rong Dong's brother, Defendant Dong is an owner of Royal Buffet. Doc. 19, p. 2. Plaintiff contends that Li Rong Dong and Defendant Wei Dong ("Defendant Dong") convinced him that he had shares in Royal Buffet, and that is what induced him to move to Ohio.

Royal Buffet is open 365 days a year. Doc. 19, p. 2, Doc. 22, p. 2. Plaintiff worked in the kitchen. Doc. 36, p. 21. The parties dispute the amount of hours Plaintiff worked and therefore this material fact remains an issue for trial. Plaintiff contends that he worked approximately 11-12 hours a day, six days a week and did not receive overtime. Doc. 19, p. 2. In December of 2021, Plaintiff separated from his wife and stopped working at Royal Buffet. Doc. 69-1, ¶¶10, 15.

In 2023, Plaintiff filed for divorce. *Li v. Dong*, Cuyahoga County Court of Common Pleas Domestic Relations Division, Case No. DR-23-394059. During these proceedings, Plaintiff alleges that he learned for the first time that he did not have shares in Royal Buffet. Doc. 69-1, ¶18. On January 16, 2024, Plaintiff filed the instant case, asserting violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §207, violations of the Ohio wage laws, fraudulent inducement, and piercing the corporate veil. Docs 1, 19.

II.     **LEGAL STANDARD**

Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law * * *.

2

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *White v. Turfway Park Racing Ass'n, Inc.,* 909 F.2d 941, 943–944 (6th Cir. 1990).

A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–1480 (6th Cir. 1989) (citing *Frito–Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)).

The burden of production for the movant is to identify which portions of the evidence "demonstrate the absence of a genuine issue of material fact" regarding an essential element or, alternatively, to demonstrate a showing that there is "literally no evidence in the record" in support of an essential element of the other party's initial claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 332 (1986). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id*.

3

## III. LAW AND ANALYSIS

### A. COUNT ONE: Fair Labor Standards Act Violations

#### 1. Overtime Violation

Plaintiff asserts that Defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §207, by not compensating him for all overtime hours worked throughout his employment.

Plaintiff moves for summary judgment asserting that throughout his employment from 2014-2021 he worked 11 to 12 hours a day, six days per week, without receiving any overtime compensation. Doc. 69, p. 2. Plaintiff contends that, because Defendants admittedly failed to maintain accurate employment records regarding his hours, this violation was willful and that his testimony detailing his typical work schedule is sufficient to establish the violation. Defendants oppose this motion and moves for summary judgment in their favor, contending that the statute of limitations has run, and that Plaintiff cannot rely on his own deposition as evidence in a summary judgment proceeding. Doc. 71, p. 5. Defendants point to employment records that they claim support their contention that they did, in fact, pay Plaintiff overtime.

The FLSA requires employers to pay overtime to employees who work more than 40 hours per week. 29 U.S.C. § 207(a)(1). Pursuant to the FLSA, an employer must pay an employee overtime compensation at the rate of "not less than one and a half times the regular rate" for every hour over 40 hours. Id. Plaintiff bears the burden to prove that he has performed overtime work for which he was not compensated. *Viet v. Le*, 951 F.3d 818 at 822 (6th Cir. 2020), quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

Throughout their briefing, both Plaintiff and Defendants challenge the sufficiency and credibility of the evidence presented by the other side. The Sixth Circuit has explained:

> When applying these general Rule 56 standards in this FLSA context, courts have considered the level of evidence that employees must present to create a jury question over whether they worked overtime. Generally speaking, if an employee describes a specific work schedule exceeding 40 hours, courts have found the testimony sufficient. If, by contrast, the employee testifies generically that the employee worked overtime without providing details to support this claim, courts have found that the testimony falls short.

*Viet*, 951 F.3d at 823.

Plaintiff testified that throughout his employment with Royal Buffet he worked as a cook. Doc. 44, p. 41. He explained that he had a set work schedule. "So six days a week, from 10 a.m. to 10:00 p.m. for weekend; from 10 a.m. to 9:30 p.m. Monday through Thursday." Doc. 44, p. 43.

Defendant Dong's testimony in related proceedings[1] appears to generally support Plaintiff's assertion. Defendant Dong confirmed that Plaintiff worked in the kitchen. Doc. 36, p. 21. Regarding the kitchen staff hours, Defendant Dong testified: "Okay. 10:30 they come to work, 10:30 a.m., they come to work. 9:30 p.m. they all leave together." Doc. 36, p. 21. He verified that the employees work six days a week, that they come in and leave at the same time, and that their wages are fixed. Doc. 37, p. 116, 118. Notably, Defendant Dong explained that he did not pay overtime. Doc. 37, p. 118.

> A: We never have overtime.
> Q: But the last time you testified that your people, the workers, they work six days a week, correct?
> A: Correct.
> Q And they work every day from 10:30 a.m. 9 to 9:30 p.m., correct, and that was not overtime?
> A: No overtime.
> Q: You do not give them overtime wage, correct?
> A: No. They never do overtime. Why would I pay them?

Doc. 37, p. 118.

---

[1] In 2023, Plaintiff's filed for divorce. *Li v. Dong*, Cuyahoga County Court of Common Pleas Domestic Relations Division, Case No. DR-23-394059. The depositions from that case have been filed as evidence in the instant case. Docs. 36-38.

Defendant attempts to minimalize these statements, arguing that Defendant Dong made them in his deposition in the prior divorce proceedings (on December 20, 2023 and January 26, 2024) and did not have his business documents with him, nor had he reviewed them at that point. Doc. 71, p. 7.

Tellingly, such business records were the subject of many discovery disputes before this Court. The Court notes that the discovery cutoff date in this case was September 2, 2024. Doc. 18. At his August 20, 2024 deposition in this case, Defendant Dong acknowledged that he had not produced any time records to Plaintiff. Doc. 39, p. 49. Plaintiff immediately brought the issue to this Court, asserting that Defendants' failure to provide these records resulted in meaningless depositions. Doc. 57. At a telephone conference on August 20, 2024, the Court ordered Defendant to provide the requested documents and ordered Plaintiff to file the deposition transcripts. Doc. 62. The Court conducted a follow up status hearing on September 5, 2024 where it orally granted Plaintiff's motion to compel and again ordered Defendants to produce the requested documents. Doc. 62.

On September 12, 2024, the Court issued its written order granting the motion to compel, setting forth specific dates for specific documents to be produced. Doc. 62. The Court noted that "[u]pon review of the transcripts provided, it is clear that Defendant flat out refuses to produce this information, and Defense Counsel is incapable of locating the information without at least some client assistance." Doc. 57, p. 2. Defense counsel explained that a language barrier impeded their ability to comply with the request and that they were struggling to get records from Defendants' accountant. Id. The Court ordered Defendants to produce these documents, noting that

> …any issue regarding communication is without merit. The language barrier was a known issue when defense counsel took this case. This case has been pending since

> January 16, 2024, and the discovery requests were made in May of 2024. Defendant cannot continue to rely on this excuse when it had months to obtain an interpreter. Indeed, it is clear that an interpreter was present at the depositions, but still Defendant refused to answer basic questions. The communication issue is merely an excuse for Defendant's blatant disregard of the discovery process.
>
> Defense counsel further explained that they were struggling to get records from the accountant. However, there has been ample time to obtain this information, and there has been no valid explanation as to why Defendant could not call his accountant firm and ask for this information. Further, there is simply no excuse why Defendant himself could not provide simple information about his current employees.

Doc. 57. The Court further noted that upon receipt of the requested documentation, Plaintiff could move to reopen Defendants' depositions. The Court ordered that such depositions would take place at the Courthouse at Defendants' cost and that Plaintiff shall contact the Court to schedule. Doc. 57.

On September 12, 2024, Defendants provided, among other things, payroll worksheets for 2021, and payroll summaries from June 21, 2021 to September 26, 2021. Doc. 59-19, 59-21. Defendant stated that

> we were finally able to locate evidence of our payroll worksheets. The timesheets included the names of the employees, their social security numbers, their hourly rate, hours worked, tips hourly rate, tips hours worked, overtime, overtime hours worked and total earnings. We are presenting all of the responsive documentation that we have been able to locate and although there may not be a complete record, it is completely all the records that we have been able to locate[] after much diligence.

Doc. 59-22, p. 2-3. Defendants further filed a supplement to the above production which included, without explanation, a chart with the file name Attendance Record_refund_20240506 (1). Doc. 61-1.

On September 18, 2024, Plaintiff filed a supplemental brief updating the Court regarding the alleged deficiencies in Defendants' document production. Doc. 64. Plaintiff asserted, in part,

7

that the time records produced were not credible, "raising serious concerns about its authenticity and completeness." Doc. 64. The Court noted that the briefing highlighted the purported deficiencies in Defendants' discovery response, but that there was no suggestion that any further discovery would cure the deficiencies. Doc. 65. Plaintiff did not contact the Court to re-open Defendant Dong's deposition to inquire into these documents. The Court therefore set deadlines for dispositive motions. Id.

Throughout his summary judgment briefing, Plaintiff repeatedly reasserts his arguments regarding the credibility of the provided employment records. Doc. 69. Similarly, Defendants challenge the credibility of Plaintiff's statements regarding his schedule. While the above recitation provides context for a credibility argument regarding the provided employment documents, the Court cannot make a credibility determination on summary judgment. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252-55 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."). After stripping away credibility arguments from the hundreds of pages of briefing, it remains that Plaintiff points to evidence regarding his schedule, and Defendant has provided contradictory evidence. Thus, this dispute on the factual record presents a genuine material of fact sufficient to survive summary judgment. Accordingly, the parties' cross motions for summary judgment on this issue are DENIED. The Court reminds the parties that discovery remains CLOSED on this issue.

    **2.**    **Statute of Limitations**

An FLSA claim must be made within two years after the cause of action accrues. 29 U.S.C. §255(a). This statute of limitations may be extended to three years if the conduct was willful. Id. Defendants asserts that their conduct was not willful to justify extending the statute of limitations.

Therefore, Defendants argue, this case was brought outside of the appliable two-year statute of limitation period and should be dismissed. Because the Court denies the parties' cross motions on FLSA liability, it cannot make a determination regarding willfulness. If a jury finds no FLSA liability, the question is moot. However, if Plaintiff's allegations are found to be credible and true, then it would present a question of fact as to whether the violations were willful. As such, the Court cannot make that determination here.

### 3. Minimum Wage Violations

Although Plaintiff mentions minimum wage in Count One of the complaint (Doc. 19, ¶9), he does not move for summary judgment on this portion of his FLSA claim. Defendants, however, do. Doc. 70, p. 14. Plaintiff failed to respond to this portion of Defendants' motion. "'Generally, at the summary judgment stage, the non-moving party can forfeit an argument if they fail to respond to the moving party's arguments.'" *Paul v. Whitley Cnty.*, 2024 U.S. App. LEXIS 24661 at *4 (6th Cir. Sept. 30, 2024) (quoting *Palma v. Johns*, 27 F.4th 419, 429 n.1 (6th Cir. 2022) (emphasis omitted)).

Accordingly, Defendants' motion on this issue is GRANTED and the portion of Plaintiff's Count One related to FLSA minimum wage claim is DISMISSED.

### B. COUNT TWO: Ohio Wage Law: Overtime and Minimum Wage

In Count Two of his complaint, Plaintiff asserts violations of Ohio Wage Law by failing to pay minimum wage and for failing to pay overtime. Doc. 19, ¶15-17. Plaintiff moves for summary judgment on these claims under the same theory as his FLSA claims. Doc. 69, p. 11. Defendants move for summary judgment (and opposes Plaintiff's motion for summary judgment) on these claims noting that the statutes of limitations in Ohio is limited to two years, regardless of whether

9

the violations were willful (as opposed to the FLSA standard, above). Doc. 70, p. 14. Plaintiff's complaint was filed on January 16, 2024. Doc. 1. In his opposition, Plaintiff acknowledges that "Plaintiff did not work at Royal Buffet in 2022[.]". Doc. 73, p. 6.

Pursuant to Ohio Rev. Code Ann. § 2305.1, "(A) An action … by an employee for the payment of unpaid minimum wages, unpaid overtime compensation, or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation shall be commenced within two years after the cause of action accrued."

Plaintiff's employment ended in December of 2021. Doc. 69-1, ¶¶10, 15. Therefore, his claim must have been filed by December of 2023. Plaintiff's complaint was filed on January 16, 2024, outside of the two-year limitation. While Plaintiff addresses Defendants' statute of limitations argument regarding the FLSA and his fraudulent inducement claim, he does not address how his claim survives the Ohio Wage law statute of limitations. Accordingly, Plaintiff has forfeited any argument that the statute does not apply. *Whitley Cnty.*, supra. Defendants' motion for summary judgment on this claim is GRANTED and the count is DISMISSED. Plaintiff's motion for summary judgment on this issue is DENIED.

C. **COUNT THREE: FLSA Recordkeeping Violations**

In Count Three of his complaint, Plaintiff asserts that Defendants violated the FLSA's recording keeping requirements. Doc. 19, p. 3-4. Plaintiff does not move for summary judgment on this claim, but Defendants do. Doc. 70, p. 8. Defendants correctly assert that this provision of the FLSA does not authorize employee suits for violations of the record keeping requirements. Doc. 70, p. 8, citing 29 U.S.C. §217. "Authority to enforce the Act's recordkeeping provision is vested exclusively in the Secretary of Labor." *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d

832, 843 (6th Cir. 2002). In his opposition, Plaintiff acknowledges this fact as follows: "Although FLSA does not permit an employee to bring a private action for recordkeeping violations, an employer's recordkeeping practices may nonetheless corroborate an employee's claims that the employer acted willfully in failing to compensate for overtime." Doc. 73, p. 8: Because Plaintiff does not have a private cause of action to bring this claim, Defendants' motion is GRANTED, and Count Three is DISMISSED.

### D. COUNT FOUR: Fraudulent Inducement

Plaintiff contends that Defendant Dong and his ex-wife fraudulently induced him "to terminate his profitable New York restaurant business and relocated to Boardman, Ohio under the false pretense that Li Rong Dong, who was Plaintiff's wife at the time, held partial ownership of Royal Buffet." Doc. 19, p. 4. Thus, the inducement complained of in the complaint is that Defendant Dong and Plaintiff's ex-wife allegedly lied to him that his ex-wife had a 40% ownership in Royal Buffet and that he relied on that lie as a basis for his relocation. However, in his motion for summary judgment, Plaintiff argues that "[i]n 2014, Defendants promised him 40% ownership interest in Royal Buffet in exchange for his investment and labor. Plaintiff invested $175,000 based on this promise, yet Defendants never provided the promised ownership." Doc. 69, p. 13. On summary judgment, Plaintiff contends that the ownership promise was made to *him* rather than to his then-wife as stated in the complaint. The Court concludes that, under either theory, Plaintiff's claim is untimely.

Defendants move for summary judgment asserting, in part, that the "undisputed evidence is that Plaintiff filed his fraudulent inducement claim beyond the four-year statute of limitations." Doc. 70, p. 9.

11

A fraudulent inducement claim must be brought within four years of notice of the alleged facts giving rise to the claim. Ohio Rev. Code §2305.09(C); *Rare Coin Enters. v. Chrans*, No. 3:05 CV 7473, 2006 U.S. Dist. LEXIS 57347 (N.D. Ohio Aug. 16, 2006). Under the "discovery rule", the statute of limitation is tolled until the plaintiff "'discovers, or in the exercise of reasonable care, should have discovered the complained-of injury.'" *Keating v. America's Wholesale Lender*, No. 1:11 CV 593, 2011 U.S. Dist. LEXIS 65532 (N.D. Ohio June 21, 2011) (quoting *Investors REIT One v. Jacobs*, 46 Ohio St.3d 176, 180, 546 N.E.2d 206 (1989). Defendants contend that "Plaintiff cannot rely on his unawareness or the efforts of an opposing party to lull him into a false sense of security to toll the period of limitations." Doc. 70, p. 11. Plaintiff contends that he did not discover that his then-wife held no ownership interest until divorce proceedings in 2023, and therefore his 2024 fraudulent inducement claim was timely filed. Doc. 73, p. 11.

Plaintiff testified that in March of 2014 he was told that he and his then-wife had "shares" in Royal Buffet. Doc. 44, p. 35-36. He explained that in March of 2014 they spent $75,000 to purchase 15% of the shares. Doc. 44, p. 36. He explained that he owned a restaurant in New York, which he closed, because he was told he had shares in Royal Buffet. Doc. 44, p. 46-47. As a result, he moved to Ohio. Id; Doc. 73, p. 10.

The "discovery rule" does not require Plaintiff to have concrete knowledge of the alleged fraud; "'rather, the standard requires only facts sufficient to alert a reasonable person of the possibility of fraud[.]' *Bonner,* 180 N.E.3d at 23 (quoting *Cundall v. U.S. Bank*, 122 Ohio St. 3d 188, 2009- Ohio 2523, 909 N.E.2d 1244, 1250 (Ohio 2009))." *Trost v. Hotchkiss*, No. 22-3701, 2023 U.S. App. LEXIS 9945, at *5 (6th Cir. Apr. 24, 2023). "'A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.' *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015) (quoting *Roberson*

12

*v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005))." *Bruce v. City of Mansfield*, No. 1:23-cv-00373, 2025 U.S. Dist. LEXIS 28041, at *11 (N.D. Ohio Feb. 18, 2025).

Here, Plaintiff states that he did not discover that he did not have shares in Royal Buffet until his ownership was specifically denied in divorce proceedings in 2023. The question for this Court, then, is whether Plaintiff's delayed discovery was reasonable or whether he should have discovered it earlier. Plaintiff claims only that he could not have reasonably suspected fraud earlier because he trusted Defendant Dong. Doc. 74, p. 5. Plaintiff's subjective blind trust, however, does not answer the question of whether he *should have* discovered it earlier through the exercise of reasonable diligence. Plaintiff acknowledged that there are no documents proving that his family had shares in Royal Buffet. Doc. 69-1, ¶18. Plaintiff took no steps to determine whether he had shares in Royal Buffet from the date of the alleged promise in 2014 to 2023.

According to the Ohio Secretary of State, Royal Buffet incorporated for the first time in 2016, two years *after* Plaintiff states that he believed they bought ownership shares. Doc. 71, p. 4. Defendant Dong was listed as the only incorporator. Ohio Secretary of State, https://bizimage.ohiosos.gov/api/image/pdf/201634402120 (last visited September 24, 2025). As noted above, Plaintiff previously owned a restaurant. Therefore, he should have had at least some understanding of the restaurant business and what it means to be, and is required of, a shareholder. *Any* due diligence at *any* point would have led him to discover the alleged fraud. Prior to 2016, Royal Buffet was not incorporated which he would have known had he reviewed the Ohio Secretary of State's website. From at least 2016 on, Plaintiff could have looked at the Ohio Secretary of State's website, found the articles of incorporation and questioned how he could have possibly had shares in a corporation that had not yet been formed. There is no evidence that Plaintiff ever received notice of an annual meeting, as required by Ohio law. O.R.C.§1701.41.

13

The fact that Plaintiff never once, in nearly ten years, questioned why he, as a shareholder, was not involved in the management of the corporation as required by law is unreasonable. Accordingly, Plaintiff fails to establish that the discovery rule applies to toll the statute of limitations until he was affirmatively told he did not have any shares in Royal Buffet in 2023. Plaintiff's motion for summary judgment on this claim is DENIED and Defendants' motion is GRANTED. Count Four is hereby DISMISSED.

### E. COUNT FIVE: Piercing the corporate veil:

Count Five of Plaintiff's complaint sets forth "Piercing the Corporate Veil" as a standalone cause of action. Doc. 19, p. 5. Defendants move for summary judgment on this count asserting that piercing the corporate veil is not a cause of action "but merely a mechanism by which a court may 'attribute the actions of a corporation to its shareholders.'" Doc. 70, p. 11 (quoting *Clinical Sols., LLC v. Physicians Plan Rx, LLC*, No. 3:16-CV-00196, 2016 WL 6249222, at *6–7 (M.D. Tenn. Oct. 26, 2016)).

Defendants are correct. Ohio does not recognize corporate veil piercing as an independent cause of action. *Hitachi Med. Sys. Am., Inc. v. Branch*, No. 5:09-cv-1575, 2010 U.S. Dist. LEXIS 107345, at *21 (N.D. Ohio Sep. 14, 2010). Rather, it is an equitable doctrine. Id. "It is a theory of recovery that depends on the existence of an underlying claim. *Belvedere Condominium Unit Owners' Ass'n v. R.E. Roark Cos.*, 67 Ohio St. 3d 274, 287, 1993-Ohio-119, 617 N.E.2d 1075 (1993)." *Sophia's Cure Inc. v. AveXis, Inc.*, No. 2:16-cv-865, 2017 U.S. Dist. LEXIS 167257, at *12 (S.D. Ohio Oct. 10, 2017). Thus, Plaintiff's claim as a standalone claim must be dismissed.

To the extent that Plaintiff intended for this claim to be part of other causes of action to attribute liability to Defendant Dong for Royal Buffet's actions, all but one of Plaintiff's claims have been dismissed. As to the remaining FLSA overtime claim:

> Sixth Circuit precedent is clear that a person who owns or controls a business entity can be liable for its FLSA infractions. The FLSA defines an 'employer' to 'include[] any person acting directly or indirectly in the interest of an employer in relation to an employee.' 29 U.S.C. § 203(d). 'Whether a party is an employer within the meaning of the FLSA is a legal determination,' *Dole v. Elliott Travel & Tours, Inc.*, 942 F. 2d 962, 965 (6th Cir. 1991) (citation omitted), and "'[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" Id. (quoting *Donovan v. Agnew*, 712 F. 2d 1509, 1511 (1st Cir. 1983)).

*Matthews v. ALC Partner, Inc.*, No. 2:08-cv-10636, 2008 U.S. Dist. LEXIS 107337, at *38-40 (E.D. Mich. Dec. 9, 2008). Accordingly, there is no need to pierce the corporate veil to attribute liability to Defendant Dong. Defendants' motion for summary judgment on this claim is GRANTED. Plaintiff's motion is DENIED. Plaintiff's fifth cause of action is DISMISSED.

### IV.  CONCLUSION

Plaintiff's motion for summary judgment is DENIED in its entirety. Doc. 69. Defendants' motion for summary judgment is DENIED as to the alleged overtime violation portion of Count One, GRANTED as to the alleged minimum wage violation portion of Count One, and GRANTED as to Counts Two, Three, Four and Five. Doc. 70. Accordingly, Count Two, Three, Four and Five are DISMISSED. Count One, Plaintiff's alleged violation of the Fair Labor Standards Act (as to the overtime portion only), shall proceed.

15

This matter is hereby set for a telephonic status conference on October 22, 2025 at 1:30 PM to schedule the matter for trial. The Court's conference number is: 330-430-8848, ID: 84568445#.

**IT IS SO ORDERED.**


DATE: September 29, 2025                  /s/ John R. Adams
                                                                      Judge John R. Adams
                                                                      UNITED STATES DISTRICT COURT